LYONS, Justice
(dissenting).
The effect of the use of the mail on an insurer’s doing business is explained in 1 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 3:13 (3d ed.1995):
*520 “The traditional concept seems to be that a foreign insurer’s mere mailing of insurance applications and policies to residents of a state is not a sufficient basis of that state assuming jurisdiction over the insurer. Under this view the effecting of an isolated contract of insurance through the use of the mails, or the mailing of a policy from one state to the insured in another state does not amount to doing business in the latter state, and the same is true with regard to policies of renewal. Likewise, the issuance of a policy by a foreign insurance company to a resident of a state and the collection of premiums thereon by mail does not constitute ‘doing business’ in the state.”
(Emphasis added; footnotes omitted.)
Over 2,300 of the insurance policies Citizens issued (either as original policies or as renewal policies) between 2002 and 2007 contain an Alabama mailing address for notices and correspondence. Garnett received premium and policy-renewal notices from Citizens at her Alabama address. Citizens could have simply declined to issue policies to an applicant who could not furnish a Florida mailing address but who, instead, requested that Citizens use an address in an adjoining state for transacting business. Under these facts, where we do not deal with an isolated contract but one among many such contracts issued to policyholders in an adjoining state, I do not consider subjecting Citizens to the jurisdiction of an Alabama court to be offensive to notions of justice and fair play.
COBB, C.J., concurs.